IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| FRANK SOSA | ) | CASE NO.  1:10CV0769 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | |
| | ) | |
| J. T. SHARTLE | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |


Before the Court is *pro se* Petitioner Frank Sosa's ("Sosa") Motion for Reconsideration of the Court's Order of Dismissal of his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241. (ECF 6).  The dismissal was based on his failure to establish that his remedy pursuant to § 2255 was inadequate or ineffective. He now seeks an order vacating the judgment dismissing his Petition because he believes the Court was required to follow the law set forth in a Sixth Circuit case that he had cited.

On September 25, 1998, a jury in the United States District Court for the Southern District of New York found Sosa guilty of Conspiring to Commit a Drug Offense (21 U.S.C. § 846) and Carrying, Using, or Possessing a Firearm During and in Relation to Drug Trafficking (18 U.S.C. §§ 924(c)). He was sentenced to a term of imprisonment of 151 months on the drug offense and 60 months on the firearm violation to run consecutively. Sosa filed an appeal in the United States Court of Appeals for the Second Circuit which affirmed the district court on September 8, 2000.  *United States v. Muyet*, 2000 WL 1275925 (2nd Cir 2000). On February 20, 2001, his Petition for Writ of Certiorari to the United States Supreme Court was denied. Sosa filed a Motion to Vacate, Set Aside,

or Correct Sentence pursuant to 28 U.S.C. § 2255 which was denied by the district court on February 19, 2002.

Sosa asserted  that the district court erred by imposing a 60 month sentence under 18 U.S.C. §924(c) even though a greater mandatory minimum was provided for the predicated drug offense. He cited *United States v. Almany*, 598 F.3d 238, 241-42 (6th Cir. 2010), wherein the court held that defendant's consecutive sentencing to both a five-year mandatory minimum sentence for possession of a firearm in furtherance of a drug trafficking crime and a ten-year mandatory minimum sentence for a cocaine offense was prohibited under the firearm statute's exemption from mandatory minimum for a defendant sentenced to another greater mandatory minimum sentence.

The Court dismissed Sosa's Petition because he failed to establish that his remedy under 28 U.S.C. § 2255 was inadequate or ineffective to enable use of the§ 2241 safety valve provided in § 2255(e).  The Court stated in its Memorandum of Opinion:

> However, the savings clause is not applicable unless there is an intervening change in the law that establishes innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Sosa has not claimed actual innocence. He only argues that his sentence was unlawful.  *See Oguaju v. Eichenlaub*, 2008 WL 2998147, * 2 (E.D. Mich., Aug. 1, 2008) (to date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's saving's clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence).
> Sosa is challenging the imposition of his sentence, not the execution or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili,* 925 F.2d 889, 893-94 6th Cir. 1991). He has not shown that a § 2255 Motion would have been inadequate or ineffective in a manner entitling him to file under § 2241.

Memorandum of Opinion, pgs. 3-4

In *Peterman v. Lamanna*, 1998 WL 1966071 (N.D. Ohio, Sep. 11, 1998), the law as to

2

Peterman's sentence changed after his sentencing. On appeal of the district court's ruling on a § 2255 Motion, his co-defendant was successful in obtaining resentencing as the law now required the district court to make individualized findings regarding the scope of the conspiracy and the duration and nature of each defendant's participation in the scheme. *United States v. Milledge,* 109 F.3d 312, 316-17 (6th Cir. 1997). Peterman filed a § 2241 action. Because the law changed since Peterman was first sentenced and his co-defendant received a new sentence for the same reasons raised by Peterman, the district court granted the writ finding that highly exceptional circumstances existed. *Peterman*, 1998 WL 1696071 at * 3.

*Peterman* was reversed by *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). The court held that the savings clause is not applicable unless there is an intervening change in the law that establishes innocence*. Id.* The United States Supreme Court defined actual innocence as factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623-24 (1998). In order to establish actual innocence, the petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. *Id.* The petitioner is required to "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo,* 513 U.S. 298, 324 (1995); *Oguaju v. Eichenlaub,* 2008 WL 2998147 * 2 (E.D. Mich., Aug 1, 2008).

In *In re Hanserd*, 123 F.3d 922, 926 (6th Cir. 1997), cited by Sosa, the court held that a federal prisoner who is incarcerated for conduct that is later held not to be criminal may obtain his freedom through a motion under § 2255. He contends that this Court should follow *Almany's* holding that imposing a consecutive sentence under 18 U.S.C. § 924(c), an action formerly believed

3

to be correct, is in fact legally blameless. Since he has no other available legal remedy, the Court should allow his action under § 2241.

*Almany* involved an incorrect sentence. Innocence was not at issue.  Sosa has shown a legal insufficiency, a standard that might support a § 2255 action but does not authorize a § 2241 action. His case is similar to *Peterman* which held that a § 2241 action was not available even though a change in the  sentencing law occurred after he was sentenced.

Accordingly, Sosa's Motion for Reconsideration is denied.

IT IS SO ORDERED**.**


Date: August 4, 2010                                    *s/        James S. Gwin*
                                                                          JAMES S. GWIN
                                                                          UNITED STATES DISTRICT JUDGE

4